UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF LINCOLN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | No. 2:16-cv-01164-KJM-AC<br><br><br>ORDER |

On August 23, 2018, defendants the United States of America, General Services Administration and Department of Air Force filed an ex parte application to extend the deadline for dispositive motions and a motion for reconsideration of the court's August 16, 2018 order. Mot, ECF No. 63; *see* Order, ECF No. 62. Plaintiff City of Lincoln opposed the ex parte request. Opp'n, ECF No. 64. As directed by the court, the parties then filed an August 30, 2018 statement proposing further modifications to the scheduling order. Jt. St., ECF No. 65; *see* Order at 16 (directing parties to propose further modifications to scheduling order).

In its order, the court granted the City of Lincoln forty-five (45) days to take up to a total of 14 depositions. Because the court's recent order reopens discovery in a limited fashion, the United States contends it was unable to meet the dispositive motion deadline in the operative scheduling order. Mot. at 3. The United States further contends the court should vacate the portion of its order reopening fact discovery to permit the City to take additional depositions and

1

instead enforce the parties' stipulations. Mot. at 3-6; *see* ECF No. 53 (stipulating to Feb. 9, 2018 fact discovery deadline); ECF No. 54 (order adopting stipulation); ECF No. 57 (stipulating that fact discovery was completed on Feb. 9, 2018); ECF No. 58 (incorporating stipulation into amended scheduling order). Because fact discovery and expert discovery have closed in this case, the United States argues it relied on the parties' stipulations in "limiting its own fact discovery to the noticed depositions" and "the City [should] now be required to do the same." Mot. at 3.

The court finds the United States has established good cause for its request to extend the dispositive motion deadline. The City's motions were long pending before the court, and the order resolving those motions was issued only shortly before the United States was required to file its dispositive motion. *See* Opp'n at 5 (acknowledging United States had three days to finalize and file its dispositive motion after court's order was issued). Although the court declines to vacate any portion of its August 16th order, the court will reopen fact discovery for both parties, but only to the extent such discovery is necessary in light of the court's August 16, 2018 order. Therefore, the court GRANTS in part and DENIES in part defendants' ex parte application and AMENDS the scheduling order as follows:

| **Description** | **New Date** |
|---|---|
| Fact deposition cutoff for both parties | October 1, 2018 |
| Plaintiff's updated expert report based on facts developed in new depositions | November 1, 2018 |
| Defendants' updated expert report based on facts developed in new depositions | December 1, 2018 |
| Completion of expert depositions based on updated reports | January 15, 2019 |
| Last day to hear dispositive motions | March 8, 2019 |
| Final Pretrial Conference and Trial | To be set as needed after dispositive motions. |

IT IS SO ORDERED.

DATED: September 13, 2018.

UNITED STATES DISTRICT JUDGE

3