UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF LINCOLN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 2:16-cv-01164-KJM-AC<br><br>**AMENDED CONSENT DECREE** |

This Settlement Agreement and Consent Decree ("Agreement" or "Consent Decree") is made by and between Plaintiff and Counter-Defendant City of Lincoln ("City"), and Defendant and Counterclaimant United States of America, General Services Administration, and the Department of the Air Force (collectively, the "United States" and together with the City, "the Parties");

WHEREAS, on May 27, 2016, the City filed a complaint against the United States ("Complaint"), asserting claims for continuing nuisance, continuing trespass, equitable indemnity and contribution, as well as liability and cost contribution claims under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-75, as amended by the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499, 100 Stat. 1613 (1986) ("CERCLA"), and seeking declaratory relief under 42 U.S.C. §9613(g)(2) and 28 U.S.C. §2201(a). Through its Complaint, the City sought to recover from the United States certain costs that the City claims to have incurred, and may continue to incur, in connection with investigating, reducing, and eliminating groundwater, soil, surface water, and air contamination at the Landfill. The City alleged that the United States disposed, or arranged for the disposal at the Landfill of hazardous substances from the former Beale Air Force Base Titan 1-A Facility, located at or around 401 Oak Tree Lane, Lincoln, California 65348 ("Titan 1-A Facility");

WHEREAS, the United States filed counterclaims against the City pursuant to section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1) ("Counterclaim"), alleging that the City was liable for the costs relating to its decades-long ownership and operation/management of the Landfill, as well as its garbage collection practices, from 1952 through 1976, which resulted in the disposal and release of hazardous substances at the Landfill. (Collectively, the Complaint and the Counterclaim are referred to as the "Action");

WHEREAS, the Court previously granted the United States' motion to dismiss certain claims under the Federal Tort Claims Act, dismissing counts one through three of the City's Complaint for lack of subject matter jurisdiction. The Court also granted, in part, and denied, in part, a subsequent motion for summary judgment by the United States;

WHEREAS, the Parties agree that settlement without further litigation and without admission or further adjudication of any issue of fact or law is the most appropriate means to fully and finally resolve all of the Parties' claims against each other in this Action, and to avoid the complication, risks, and expense of further litigation and potential appeals;

WHEREAS, the Parties enter into this Agreement as a final settlement and compromise of all claims as set forth herein and do not admit any liability arising from occurrences or transactions pertaining to the Landfill; and

WHEREAS, Parties agree that this Agreement is fair, reasonable, and in the public interest;

The Court, after review of the proposed settlement and consent decree and with consent of the Parties, hereby ORDERS, ADJUDGES, and DECREES as follows:

1. <u>Application of this Agreement</u>. This Agreement applies to, is binding upon, and inures to the benefit of City and the United States. This Agreement does not extend to or inure to the benefit of any party, person, or entity other than the City and the United States, except as expressly provided herein, and nothing in this Agreement shall be construed to make any other person or entity not referenced in this Agreement a third-party beneficiary to this Agreement.

2. <u>Definitions</u>. Whenever the terms listed below are used in this Agreement, the following definitions shall apply:

a. "Day" shall mean a calendar day. In computing any period of time under this Agreement, where the last day would fall on a Saturday, Sunday, or Federal holiday, the period shall run until the close of business of the next day that is not a Saturday, Sunday, or Federal holiday.

b. "Effective Date" shall mean the date the Court approves this Agreement.

c. "Landfill" shall mean, for purposes of this Agreement, the former City of Lincoln dump, located on Virginia Town Road near the intersection with Hungry Hollow Road, in Placer County, California, approximately .4 miles east of the City of Lincoln, as well as the areal extent of contamination resulting from activities on that property, including any off-site contamination emanating from the property. This term also includes, without limitation, any waste disposal areas, storage areas, buildings, equipment, structures, roads, ditches, culverts, pipes, and other facilities located upon, or connected to the above described location.

d. "Matters Addressed" shall mean any and all claims, known or unknown, that were, could have been, could now be, or hereafter could be asserted by the City against the United States relating to waste disposal at the Landfill, including all claims under CERCLA, or any other statute, regulation, or common law theory relating to any environmental conditions at and adjacent to the Landfill, any release of a hazardous substance at the Landfill and any off-site contamination emanating from the Landfill, and all claims by the United States in the Counterclaim.

e. "Plaintiff" or "City" shall mean the City of Lincoln, California, its designees, agents, attorneys, assigns, insurers, reinsurers, and any other City agency or City entity who may have rights or assert a claim arising in any way from City of Lincoln's obligations in connection with the Landfill.

f. "Response Costs" shall mean, for purposes of this Agreement, all costs, fees, expenses, interest, or other amounts incurred or to be incurred by the City in response to releases or threatened releases of hazardous substances occurring at, in, or from the Landfill; or incurred or to be incurred by the City to otherwise respond to any state, or local government entity's request to take any action whatsoever relating to the Landfill, including, but not limited to, orders, requests, or requirements from the California Regional Water Quality Control Board and/or Placer County.

g. "United States" shall mean the United States of America, and all federal agencies, departments, entities, and instrumentalities of the United States, including, but not limited to, United States Department of the Air Force, General Services Administration, United States Army Corps of Engineers, and any of their predecessors or successors. Under this Agreement, the term "United States" shall also include all employees, contractors, attorneys, or agents of the United States, to the extent that such parties disposed of, or arranged for the disposal of, wastes or hazardous substances at the Landfill while participating in the construction, operation, or decommissioning of the Titan 1-A Facility.

3. Settlement of Disputed Claims.

a. This Agreement represents a fair, reasonable, and equitable settlement of the Matters Addressed.

b. For the purposes of this Agreement, the Parties admit none of the allegations in the Action. Nothing in this Agreement shall be construed as an admission by the City or the United States of any issue of law or fact or of any violation of law.

c. Nothing in this Agreement shall prejudice, waive, or impair any right, remedy, or defense that the City or the United States may have in any other or further legal proceeding.

d. In order to avoid protracted litigation, the City and United States have agreed that, pursuant to the terms contained herein, the United States will pay a share of the City's alleged Response Costs through a one-time payment of one hundred and fifty thousand dollars ($150,000), as set forth herein, as a full and complete share of any and all past and future Response Costs.

4. Release and Covenant Not To Sue by City of Lincoln.

a. Upon the Effective Date of this Agreement the City hereby forever releases, discharges, and covenants and agrees not to assert (by way of the commencement of an action, the joinder of the United States in an existing action, counterclaim, or in any other fashion) any and all claims, causes of action, suits or demands of any kind whatsoever in law or in equity which it had, may have had, or may hereafter have relating to waste disposal at the Landfill, including, but not limited to, claims under CERCLA sections 107, 112, or 113, or the Federal Tort Claims Act

("FTCA") or a potential appeal of any prior District Court rulings on such claims, against the United States for Matters Addressed. To the extent that this provision is ever construed as a "general release" under California law, City of Lincoln expressly waives the applicability to this Agreement of California Civil Code section 1542.

        b. Notwithstanding Paragraph 3.a. or any other provision in this Agreement, the City does not release and specifically reserves its right to assert claims for breach of this Agreement against the United States.

    5. <u>Warranties by City of Lincoln</u>. The City warrants and certifies that: (1) it has not recovered any of its alleged costs from the United States under any federal contract; and (2) the City has not assigned its rights to recovery or any part of such claims, to any third party.

    6. <u>Protection Against Claims</u>.

        a. The Parties acknowledge and agree that the payment to be made by the United States pursuant to this Agreement represent a good faith compromise of disputed claims held by City of Lincoln and that the compromise represents a fair, reasonable, and equitable discharge of the Matters Addressed in this Agreement. With regard to any claims for costs, damages, or other claims against the United States for Matters Addressed in this Agreement, the United States is entitled to, as of the Effective Date and provided that the United States makes the payment to City of Lincoln pursuant to Paragraph 7.a. of this Agreement, contribution protection pursuant to section 113(f) of CERCLA, 42 U.S.C. § 9613(f), the Uniform Comparative Fault Act, and any other applicable provision of federal or state law, whether by statute or common law, extinguishing the United States' liability to persons not party to this Agreement. Except as specifically provided herein, the United States reserves all its rights to obtain contribution, or otherwise recover costs or damages, from persons not party to this Agreement, and any such rights are preserved.

        b. After signing the Agreement, the Parties agree to join in and/or support, as may be appropriate, such legal proceedings as necessary to secure the Court's approval and entry of this Agreement.

    7. <u>Payment/Reimbursement of City of Lincoln's Response Costs</u>.

1         a.      Within ninety (90) days after the Effective Date of this Agreement, the United States will pay $150,000.00 to the City. Payment shall be by Electronic Funds Transfer in accordance with instructions provided by the City, provided the instructions comply with federal and any other applicable law.

        b.      If the payment is not made in full within ninety (90) days after the Effective Date of this Agreement, then interest on the unpaid balance shall be paid commencing on the 91st day after the Effective Date. Interest shall accrue at the rate specified for interest on investments of the Hazardous Substance Superfund established under subchapter A of chapter 98 of Title 26 of the United States Code.

        c.      Payment by the United States is subject to the availability of funds appropriated for such purpose. No provision of this Agreement shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341.

    8.      <u>Covenant Not to Sue by United States and Reservation</u>.

        a.      Upon approval and entry of this Agreement by the Court and subject to Paragraph 8.b. of this Agreement the United States hereby forever releases, discharges, and covenants and agrees not to assert (by way of the commencement of an action, the joinder of the City in an existing action, or in any other fashion) any and all claims, causes of action, suits or demands of any kind whatsoever in law or in equity which it may have had, or hereafter have, including, but not limited to, claims under CERCLA section 113, against the City for the Matters Addressed.

        b.      <u>Reserved Claims</u>. Nothing in this Agreement is intended to, nor shall it be construed to, preclude the United States from exercising its existing authority under any law, statute, or regulation, and nothing in this Agreement is intended to, nor shall it be construed to, preclude any state agency, department, board, or any federal entity, including the United States Environmental Protection Agency or a federal natural resource trustee, from exercising its regulatory authority or bringing a claim under any law, statute, or regulation against the City. The United States also does not release and specifically reserves its right to assert claims for breach of this Agreement against

City, including claims for breach of any provision in Paragraph 3.a. or the certifications and warranties in Paragraph 4.

      9.      <u>Effect of Settlement/Entry of Judgment</u>.

              a.      This Agreement was negotiated and executed by the City and the United States in good faith and at arms' length and is a fair and equitable compromise of disputed claims, which were vigorously contested and are denied. This Agreement is not and shall not constitute or be construed as an admission by the Parties of any factual allegations made in this Action, an admission of liability, or an admission of any other kind or character whatsoever by the Parties. Neither this Agreement nor the Parties' performance under this Agreement is intended to have, and shall not be deemed to have, any evidentiary or precedential effect in this or any other action involving claims asserted against the Parties.

              b.      Upon approval and entry of this Agreement by the Court, this Agreement shall constitute a final judgment among the Parties in this Action.

              c.      If for any reason the Court should decline to approve this Consent Decree in the form presented, this Agreement is voidable at the sole discretion of any Party and the terms of the Agreement may not be used as evidence in any litigation or appeals between the Parties or against the Parties.

      10.      <u>Dismissal with Prejudice of Complaint and Counterclaim</u>. Upon the Court's approval of this Agreement, all claims brought by the City against the United States in this Action and all claims brought by the United States against the City in this Action shall be dismissed with prejudice. Each Party shall bear its own litigation and administrative costs and expenses, including attorneys' fees.

      11.      <u>Integration Provision</u>. This Agreement constitutes the entire agreement between the Parties with respect to the matters covered herein. All prior discussions, drafts, and writings are superseded by this Agreement and may not be used to vary or contest the terms of the Agreement.

      12.      <u>Joint Drafting</u>. This Agreement has been jointly negotiated and drafted. The language of this Agreement shall be construed according to its fair meaning and without regard to the role that either party played in the preparation of this Agreement. Each Party has been advised

by its own counsel in connection with this Action and this Agreement, and each Party agrees that it is not relying on any representations or omissions of the other Party in signing this Agreement, other than those representations contained within this Agreement.

    13.    <u>Representative Authority</u>. The individuals signing this Agreement on behalf of the Parties hereby certify that they are authorized to bind their respective party to this Agreement.

Dated: March 29, 2021

CITY OF LINCOLN

By: *(signature)*
Kristine L. Mollenkopf
kristine.mollenkopf@lincolnca.gov
City Attorney
City of Lincoln, City Attorney's Office
600 Sixth Street
Lincoln, CA 95648
Telephone: 916-434-2428

By: _____
Jeffrey T. Orrell
jorrell@brownandwinters.com
**Brown & Winters**
2533 S. Coast Highway 101, Suite 240
Cardiff-by-the-Sea, CA 92007
Telephone: 760-633-4485

Attorneys for Plaintiff and Counter-Defendant City of Lincoln

UNITED STATES OF AMERICA

Dated: March __, 2021

Jean E. Williams
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

By: _____
Mark A. Rigau (SBN 223610)
Senior Trial Counsel
mark.rigau@usdoj.gov
Michael C. Augustini (DC Bar No. 452526)
Senior Trial Counsel
michael.augustini@usdoj.gov
John M. Cane (VA Bar No. 86138)
Trial Attorney
john.cane@usdoj.gov
U.S. Department of Justice
Environment and Natural Resources Division

8

**CONSENT DECREE**

by its own counsel in connection with this Action and this Agreement, and each Party agrees that it is not relying on any representations or omissions of the other Party in signing this Agreement, other than those representations contained within this Agreement.

13. <u>Representative Authority.</u> The individuals signing this Agreement on behalf of the Parties hereby certify that they are authorized to bind their respective party to this Agreement.

Dated: May 7, 2021

CITY OF LINCOLN

By: _____
Kristine L. Mollenkopf
kristine.mollenkopf@lincolnca.gov
City Attorney
City of Lincoln, City Attorney's Office
600 Sixth Street
Lincoln, CA 95648
Telephone: 916-434-2428

By: _____
Jeffrey T. Orrell
jorrell@brownandwinters.com
Brown & Winters
2533 S. Coast Highway 101, Suite 240
Cardiff-by-the-Sea, CA 92007
Telephone: 760-633-4485

Attorneys for Plaintiff and Counter-Defendant City of Lincoln

Dated: May 6, 2021

UNITED STATES OF AMERICA

Jean E. Williams
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

By: _____
Mark A. Rigau (SBN 223610)
Senior Trial Counsel
mark.rigau@usdoj.gov
Michael C. Augustini (DC Bar No. 452526)
Senior Trial Counsel
michael.augustini@usdoj.gov
John M. Cane (VA Bar No. 86138)
Trial Attorney
john.cane@usdoj.gov
U.S. Department of Justice
Environment and Natural Resources Division

8
CONSENT DECREE

| | |
|---|---|
| 1 | Environmental Defense Section |
| 2 | 450 Golden Gate Avenue |
|   | Suite 07-6714 (U.S. Mail) |
| 3 | Suite 07-6549 (temp. FedEx no signature deliveries) |
|   | San Francisco, California 94102 |
| 4 | Telephone: (415) 744-6487/Fax (415) 744-6476 |
| 5 | Attorneys for Defendant United States of America |

**The parties inadvertently filed a proposed consent decree without both parties' signatures. ECF 109-2. Subsequently, the parties filed an amended document which contained both parties' signature. ECF No. 110-1. The court inadvertently signed the first consent decree, and now amends its prior order by signing the document with both parties' signatures.**

SO ORDERED, and ENTERED this 1st day of July 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE